UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

GERALD SULLIVAN,

Plaintiff,

v.

ELEVATOR CONSTRUCTORS UNION, LOCAL NO. 9 & I.U.E.C. LOCAL NO. 9,

Defendants.

Civil No. 01-2165 (DWF/FLN)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). As discussed more fully below, the Court finds that Plaintiff cannot be granted IFP status at this time, because his current complaint fails to state a claim on which relief can be granted. However, Plaintiff will be given an opportunity to file an amended complaint, and if he does so within the time allowed by this order, his IFP application will then be reconsidered.

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the

FILED DEC 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

In this case, Plaintiff is attempting to bring an employment discrimination lawsuit against a union. Although Plaintiff's complaint is not well-crafted, it seems fairly clear that he is claiming to be a victim of racial discrimination in an employment setting. He is asking for damages "in excess of $75,000."

To state an actionable federal employment discrimination claim, a plaintiff must affirmatively allege that he or she has exhausted all available administrative remedies, before seeking relief in the courts. As the Court of Appeals explained in Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994):

> "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. Patterson v. McLean Credit Union, 491 U.S. 164, 180-81... (1989). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue."

"The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [an] employment discrimination claim." Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996).

Here, Plaintiff has not pleaded a cognizable employment discrimination claim, because he has not alleged in his complaint, and it does not otherwise appear from the record, that he has exhausted his administrative remedies. That being the case, Plaintiff does not have "the green light" to bring a federal employment discrimination claim in federal court at this time.

---

complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

For the reasons discussed above, the Court concludes that Plaintiff's present complaint fails to state a claim on which relief can be granted. This action is therefore subject to summary dismissal pursuant to § 1915(e)(2)(B)(ii). As previously noted, however, Plaintiff will be permitted to file an amended complaint, which will give him an opportunity to demonstrate that he has, in fact, exhausted his administrative remedies. If Plaintiff cannot show exhaustion, he should not attempt to pursue a federal employment discrimination lawsuit at this time, but he should instead attempt to satisfy the exhaustion requirement.

If Plaintiff elects to file an amended complaint, he must, within the next twenty days, submit an entirely new pleading identified as "Amended Complaint," which clearly shows that he has exhausted his administrative remedies for each claim that he is attempting to bring in this action. (If Plaintiff files an amended complaint, he should also try to provide a more intelligible explanation of the facts on which his claims are based.) If Plaintiff does not file an amended complaint within the time allowed by this order, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## ORDER

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), will not be granted at this time; and

2. Plaintiff shall be permitted to file an Amended Complaint within twenty (20) days after the date of this order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: December 11, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500