UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerald Sullivan,

Plaintiff,

vs.

Elevator Constructors Union, Local No. 9 & I.U.E.C. Local No. 9,

Defendants.

Civil No. 01-2165 DWF/FLN

**REPORT AND RECOMMENDATION**

---

Gerald Sullivan, *pro se*.
Kelly Jeanetta, for Defendants.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on April 05, 2002, on Defendant's Motion to Dismiss [#10]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons which follow, this Court will recommend that Defendants' motion be granted.

## I. FACTUAL BACKGROUND

Pursuant to this Court's December 11, 2001, Order Plaintiff Gerald Sullivan ("Plaintiff" or "Mr. Sullivan"), an elevator constructor helper and electrician, was given twenty days to amend his original Complaint alleging a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e against the Defendants, Elevator Constructors Union No. 9 & I.U.E.C. Local No. 9 ("Defendants" or "Union"). Plaintiff's Complaint was deficient because it failed to allege whether he exhausted all administrative remedies. On January 9, 2002, Plaintiff filed an Amended Complaint including reference to the August 30, 2001, State issued Right-to-Sue Notice.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

This case stems from Plaintiff's attempt to bring an employment discrimination lawsuit against his Union. Although Plaintiff's Complaint is unclear, it appears that he is claiming to be a victim of racial discrimination in an employment setting. Specifically, the Plaintiff appears to assert: (1) a racial discrimination claim against the union for breach of duty of fair representation with respect to a job Plaintiff was dismissed from with Thyessen Largerquist Elevator Corp. ("Thyessen"); and (2) the union's discriminatory assignment of jobs to its members.[1] To the Court's best comprehension, the incident Plaintiff refers to in his papers occurred one day while he was working for Thyessen. A union representative appeared on the job site and stated to a Thyessen foreman that he did not see a pager on Plaintiff's waist. Sometime thereafter Plaintiff was relieved of his duties with Thyessen.

Defendant, a labor organization, is the exclusive bargaining representative for elevator constructor mechanics and elevator constructor helpers and is responsible for placing members in the elevator industry. Plaintiff is, or was a member of the Union.[2]

## II. STANDARD OF REVIEW

In the case of a defendant's 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court is limited to considering the allegations of the complaint, must take those allegations as true and must view the complaint in the light most favorable to the plaintiff. See

---

[1]Plaintiff mentions discriminatory assignment of jobs as a concern, however no facts developing this issue were presented to the Court for review, and therefore will not be addressed here.

[2]Plaintiff includes a statement that he has not paid union dues and has been terminated from union membership. That said, it is unclear what his current status with the union is from the documentation provided.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); United States v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The Court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. See 5 Wright & Miller, Federal Practice and Procedure: Civil, §§ 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Conley, 335 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); see also Palmer v. Tracor, Inc., 856 F.2d 1131 (8th Cir.1988); Baxley-DeLamar Monuments, Inc. v. American Cemetery Ass'n, 843 F.2d 1154 (8th Cir. 1988).

## III. CONCLUSIONS OF LAW

### A. Defendants' Motion to Dismiss Duty Of Fair Representation Claims Should Be Granted Because Plaintiff's Complaint Is Untimely

The Defendant moves for dismissal on the Title VII and breach of duty of fair representation claims on the grounds that the Plaintiff has alleged no facts to support these claims. A claim for a breach of the duty of fair representation may be brought in federal court. See Vaca v. Sipes, 386 U.S. 171, 186-87 (1967). As a preliminary matter the statute of limitations for a claim against a

union for breach of the duty of fair representation is six months, and is borrowed from the limitations period in the National Labor Relations Act for filing unfair labor practice charges. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983). A cause of action based on the duty of fair representation accrues when the union member knows or reasonably should know that a breach of that duty has occurred. See White v. White Rose Food, 128 F.3d 110, 114 (2d Cir.1997).

Here, Plaintiff contends that the discriminatory action complained of climaxed upon his termination by his employer, Thyessen Lagerquist, on October 10, 2000. Therefore, the Union's duty of fair representation accrued at the point of the cell phone/pager incident where plaintiff claims the Union representative settled for 200 working hours and no further work from Plaintiff. Plaintiff did not file his original Complaint with the Court until November 29, 2001, more than the six months later.

### 1. Doctrine Of Equitable Tolling

Though Plaintiff did not respond to the statute of limitations, or any other claim brought in this Motion, this Court will address viable considerations on behalf of the *pro se* Plaintiff.[3] In considering the doctrine of equitable tolling the burden is on the Plaintiff to show that a statute of limitations should be tolled. See Wollman v. Gross, 637 F.2d 544, 549 (8th Cir. 1980), cert. denied, 454 U.S. 893, 102 S.Ct. 389 (1981). The Supreme Court has held that "one who fails to act

[3]Plaintiff did not respond to Defendant's Motion to Dismiss, however on March 28, 2002, Plaintiff filed: (1) Motion for Appointment of Counsel; (2) Memorandum of Facts in Support of his Motion and Motion to Proceed with Amended Complaint & Retaliation, Reprisal; and (3) Plaintiff's Memorandum in Support of his Motion for Judgment by Default. Plaintiff never filed a Notice of Motion, or calendered the Motions for hearing. During the April 5, 2002, hearing, the Court was unable to hear Plaintiff's Motions because Defendants were not given adequate notice, or time to respond pursuant to the Federal Rules of Civil Procedure.

diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). Equitable tolling is reserved for circumstances outside the Plaintiff's control. See Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). There is no evidence in the record that Plaintiff made any attempt to bring this action to the Court within the six months limitations period. Furthermore, we are unable to conclude that there were any matters that occurred beyond Plaintiff's control that prevented him from filing this action within the limitations period. Therefore, this Court concludes that Plaintiff's claims should be barred as untimely.

**B. Plaintiff's Title VII Racial Discrimination Claim Does Not State a Claim Upon Which Relief Can Be Granted and Should Be Dismissed**

To establish a race-based Title VII claim concerning a union's representation of its members, the Plaintiff must show:

> (1) that the [employer] committed a violation of the collective bargaining agreement with respect to the plaintiff; (2) that the Union permitted that breach to go unrepaired, thus breaching its own duty of fair representation; (3) that there was some indication that the Union's actions were motivated by racial animus.

Ross v. Communications Workers of America, Local 1110, No. 91 Civ. 6367, 1995 WL 351462 at *6 (adopting standard set out in Bugg v. Int'l Union of Allied Indus, Workers, Local 507, 674 F.2d 595, 598 n5 (7th Cir.)

In this case the Plaintiff has failed to provide any evidence to support any of the elements necessary to establish a prima facie case of racial discrimination. Though unclear, the complaint describes an incident with one employer, which involved the possession of a cell phone or pager on the job. Apparently, the Union Representative came to the site which resulted in Plaintiff's

termination following a "negotiation settlement". Plaintiff claims this process was a "bad faith" effort on the Union's part. However, it is unclear that the above mentioned incident was an action based on a official grievance or merely a coincidental occurrence on the job site. Nowhere in the Complaint does the Plaintiff assert that a collective bargaining agreement was violated by the Union, or that the Union permitted a breach of the agreement by the employer to go unrepaired. Lastly, there is no mention in the complaint that the Union's actions were remotely motivated by racial animus.

As such, Plaintiff has failed to state a claim upon which relief can be granted, and this Court will recommend that Defendant's Motion to Dismiss be granted with prejudice.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#10] be **GRANTED with Prejudice.**

DATED: 6/27, 2002

Franklin L. Noel

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.